**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 27, 2007**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 06-7024 |
| v. | E.D. Oklahoma |
| BILLY RAY FLYNN, also known as Billy Ray Abbott, | (D.C. No. 05-CR-75-WH) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Billy Ray Flynn appeals from his conviction claiming the district court improperly instructed the jury. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Background

Following a trial, a jury convicted Flynn of assault with intent to commit murder in Indian country in violation of 18 U.S.C. §§ 113(a)(1), 1151 and 1153. At trial, the government produced evidence showing both Flynn and the victim, Sherry England, were drinking throughout the day of the incident. England testified: she served a bowl of chili to Flynn that afternoon in her kitchen; Flynn threw the chili in her face, struck her on her head and left the room; after she wiped the chili out of her eyes, she grabbed a knife sharpener and went to investigate Flynn's whereabouts; as she opened the front screen door, Flynn struck her in the chest with the sharp end of a pick axe.

## II. Discussion

Flynn claims the court improperly refused to instruct the jury on his defense of voluntary intoxication. "We review de novo whether the district court properly instructed on the applicable law, and we review the court's decision to give or deny a particular instruction for an abuse of discretion." *Thompson v. United States*, 223 F.3d 1206, 1210 (10th Cir. 2000).

Voluntary intoxication can be a defense to a specific intent crime if the defendant was so intoxicated that he could not form the specific *mens rea* of the

crime charged. We agree with the district court the evidence at trial did not warrant an instruction on voluntary intoxication. In *United States v. Jackson*, although there was evidence the defendant "habitually used crack cocaine," the district court nevertheless properly refused to instruct the jury on voluntary intoxication where there was no evidence the defendant's "mental capacity was so impaired by his voluntary ingestion of crack cocaine that he was unable to form the specific intent necessary to commit the crimes . . . ." 213 F.3d 1269, 1294 (10th Cir. 2000), *vacated on other grounds*, 531 U.S. 1033 (2000). The same result obtains in this case. Flynn correctly points to evidence of his alcohol consumption the day of the crime. However, there was no evidence suggesting the intoxication *affected* Flynn's mental capacity. *See United States v. Boyles*, 57 F.3d 535, 542 (7th Cir. 1995) ("A bald statement that the defendant had been drinking or was drunk is insufficient — insufficient not because it falls short of the quantum of evidence necessary, but because it is not evidence of the right thing. In order to merit an intoxication instruction . . . the defendant must point to some evidence of mental impairment due to the consumption of intoxicants sufficient to negate the existence of the [specific] intent[.]") (quotation and citation omitted).

During trial, defense counsel did not elicit testimony about Flynn's behavior, physical or mental condition, or other indicators of impairment.[1]  The district court properly ruled.  Although there was evidence Flynn consumed alcohol the day of the crime, "there was absolutely no evidence at all about his level of impairment."  (R. Vol. II at 170.)

AFFIRMED.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[1] Flynn's counsel argues Flynn mistakenly believed the knife sharpener used by England was a knife raising an inference of intoxication. This is utter speculation as no evidence was adduced at trial to support the claim. *See United States v. Marchese*, 46 F.3d 1020, 1023 (10th Cir. 1995) ("Counsels' arguments on [the] motion [to dismiss the indictment] did not constitute the presentation of evidence for the purpose of determining guilt or innocence . . . .").